IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re                                          :    Chapter 11
                                               :
VALVES AND CONTROLS US, INC.,                  :    Case No. 25 – 11403 (TMH)
                                               :
                   Debtor.¹                    :
------------------------------------------------------------ x
```

**DECLARATION AND DISCLOSURE STATEMENT OF Kerryann Cook, Esq., ON BEHALF OF Cook Law Firm d/b/a The Cook Group.**

I, Kerryann Cook, hereby declare, pursuant to section 1746 of title 28 of the United States Code, that the following is true to the best of my knowledge, information, and belief:

1. I am the Managing Partner of **The Cook Group** located at **115 Broadway, Suite 1602, NY, NY 10006** (the "**Firm**").

2. This declaration (the "**Declaration**") is submitted in accordance with the *Order Pursuant to 11 U.S.C. §§ 327, 330, and 105(a) Authorizing the Debtor to Employ Professionals Used in Ordinary Course of Business* [ Docket No. 88 ] (the "**OCP Order**"). Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

3. Valves and Controls US, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (together, the "**Debtor**"), has requested that the Firm provide **legal services** services to the Debtor, and the Firm has consented to provide such services.

---

¹ The last four digits of the Debtor's federal tax identification number are 3959. The Debtor's mailing address is 777 Main Street, Suite 2050, Fort Worth, TX 76102.

4.  The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the chapter 11 case, for persons who are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties-in-interest in the chapter 11 case. The Firm does not perform services for any such person in connection with the chapter 11 case. In addition, the Firm does not have any relationship with any such person, its attorneys, or accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.[2]

5.  Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principals and regular employees of the Firm.

6.  Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate, with respect to the matters on which the Firm is to be retained.[3]

7.  Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "**Interested Parties List**") from counsel to the Debtor which includes the Debtor, their creditors, other parties in interest, and certain professionals employed in this Chapter 11 case (the "**Interested Parties**") and undertook a search for any connections between the Firm and the Interested Parties. The Firm's review of such Interested Parties did not identify connections with any Interested Parties, including current and prior representations.

---

[2] This clause shall only be included if the Ordinary Course Professional is an attorney.

[3] This clause shall only be included if the Ordinary Course Professional is an attorney.

8. The Debtor owes the Firm $112.00 for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code.

9. I also understand the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event its fees and expenses exceed a total of $25,000 per month, on average, over a rolling three-month period, the Firm may be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable procedures or orders of this Court.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  September 18, 2025

By: _____